UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

*In re:*

THOMAS SALVADOR MARTINO,
Debtor.
_____/

CASE NO.: 8:14- bk-13452-CPM
Chapter 7

RESPONSE AND OBJECTION TO MOTION FOR EXTENSION
OF TIME TO FILE PROOF OF CLAIM
(Savannah Capital, LLC)

Thomas S. Martino does hereby file this Response and Objection to the Motion for Extension of Time to File Proof of Claim (Doc. No. 38), and as grounds therefor, states that:

1. Savannah Capital, LLC (hereinafter "Savannah") was listed as a creditor in the Schedules filed by the Debtor on December 10, 2014 and thereby received notice of this bankruptcy case.

2. The claim was listed on Schedule F as contingent, unliquidated and disputed and for an unknown amount.

3. On December 18, 2014 the Clerk of The Bankruptcy Court filed a Notice of The Deadline to file proofs of claim, which deadline was March 23, 2015.

4. There were a total of three creditor meetings in this case. The first meeting was held on December 17, 2014. Savannah's counsel failed to appear at the first meeting, but attended the second meeting which was held on February 11, 2015.

5. A third creditor meeting was held on March 18, 2014, and Savannah elected not to appear.

6. On February 9, 2015, Savannah filed a Motion for Rule 2004 Examination of Mr. Martino, but as failed to schedule any examination of Mr. Martino.

7   Savannah filed a Motion to Extend Time to Object to Discharge/Dischargeability on February 16, 2015. (It is noteworthy that the original deadline to file such objection was February 17, 2015.)

8   On March 23, 2015, the deadline to file claims herein, Savannah filed the Motion to Extend Time to file its claim.

9   Savannah was noticed of the Trustee's Rule 2004 examination of the Debtor which was conducted on April 10, 2015. Savannah elected not to attend the examination even though Savannah filed its own motion for an examination two months earlier.

10  The Motion states that Mr. Martino has been uncooperative in turning over requested documentation to the Trustee or Savannah. Such allegation belies the facts. The trustee was provided with all documents requested which were under the control or in the possession of Mr. Martino. Moreover, Savannah has yet to request documents from Mr. Martino in this case.

11  The manager of Savannah, Mr. Martino's father-in-law, has vowed on more than one occasion, to destroy Mr. Martino; and the tactic of delaying the case by seeking extensions is filed in bad faith.

12  The foregoing constitutes cause to deny the motion to extend time to file a proof of claim. It is apparent from the record that the creditor knew of the deadline to file claims for several months, and has done nothing to file its claim. Such conduct should not be allowed by this Court.

WHEREFORE, THOMAS SALVADOR MARTINO prays that this Court grant this Motion, deny the motion to extend the time within which to file a proof of claim and for such other and further relief as is just and proper.

DAVID W. STEEN, P. A.

/s/ David W. Steen
DAVID W. STEEN, ESQUIRE
Florida Bar No.: 221546
602 South Boulevard
Tampa, FL 33606
Telephone:   (813) 251-3000
E Mail:      dwsteen@dsteenpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by United States Mail and/or electronic mail (CM/ECF) to: United States Trustee, 501 E. Polk St., Ste. 1200, Tampa, Florida 33602 and to Douglas N. Menchise, Trustee, 2963 Gulf To Bay Blvd., #300, Clearwater, FL 33759; John Anthony Esquire, 201 North Franklin Street, Suite 2800, Tampa, Florida 33602 on this **24th** day of April, 2015.

/s/ David W. Steen
DAVID W. STEEN, ESQUIRE