UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                    Case No.:  8:14-bk-13452

THOMAS SALVADOR MARTINO,                                  Chapter 7

         Debtor.
_____/

---

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602-3899 and serve a copy on the movant's attorney, A. Christopher Kasten, II, Esq., Bush Ross, P.A., 1801 N. Highland Avenue, Tampa, Florida 33602, and any other appropriate persons within the time allowed.**

**If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

2130515.1

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:                                          Case No.: 8:14-bk-13452

THOMAS SALVADOR MARTINO,                        Chapter 7

      Debtor.

_____/

## MOTION TO COMPROMISE CONTROVERSY WITH THOMAS SALVADOR MARTINO AND PAMELA CORDELL MARTINO

COMES NOW Douglas N. Menchise, the Chapter 7 Trustee (the "**Trustee**"), for the bankruptcy estate of Thomas Salvador ("**Debtor**"), by and through the undersigned counsel and pursuant to Bankruptcy Rules 9019 and 2002(a)(3) and files this his Motion to Compromise Controversy with Thomas Salvador Martino and Pamela Cordell Martino (the "**Motion**") and requests the entry of an order approving this Motion and the Settlement Agreement (as defined herein) between the Trustee, the Debtor and Pamela Cordell Martino.  As grounds for the Motion the Trustee states as follows:

### BACKGROUND

1.  On June 15, 2015, the Trustee filed a three-count Complaint against Thomas Salvador Martino Pamela Cordell Martino, Marcus Angelo Martino, and Lara Martino, arising out of transfers of Thomas Salvador Martino's ownership interest in Gold Standard Properties, LLC.

2.  Count I was an avoidance of a fraudulent transfer pursuant to § 726.105(1)(a) against Thomas Salvador Martino, Marcus Martino and Lara Martino.  Count I has previously been dismissed.

3.     Count II was an action by the Trustee against Thomas Martino and Pamela Martino to avoid a fraudulent transfer pursuant to § 726.105(1)(a). This claim remains pending.

4.     In Count III the Trustee sought the avoidance of a fraudulent transfer against Thomas Salvador Martino and Pamela Martino pursuant to § 726.106(1). This claim remains pending.

5.     On January 22, 2016, pursuant to this Court's previous Order, the parties hereto mediated this adversary proceeding before the Honorable Caryl Delano.

6.     An agreement was reached during the mediation to settle the matter as set forth herein.

## THE PROPOSED SETTLEMENT AGREEMENT

7.     Thomas Salvador Martino and Pamela Cordell Martino have agreed to pay the Trustee the sum of $25,000.00 in cash or certified funds on the fifteenth day after an Order is entered by this Bankruptcy Court approving this proposed agreement which order is final and has not been appealed. Upon receipt of the funds, the Trustee has agreed to dismiss this Adversary Proceeding with prejudice (**"Settlement Agreement"**).

## MEMORANDUM OF LAW

8.     By this Motion, the Trustee respectfully requests that the Court enter an order approving the Settlement Agreement in its entirety, and retain sole and exclusive jurisdiction over same. Federal Rule of Bankruptcy Procedure 9019 provides in relevant part that "[o]n motion . . . and after a hearing on notice to creditors; the debtor . . . and to such other entities as the Court may designate, the Court may approve a compromise or settlement."

9.     The Eleventh Circuit has announced that:

> [w]hen a bankruptcy court decides whether to approve or
> disapprove a proposed settlement, it must consider: (a) the

2

> probability of success in the litigation; (b) the difficulties, if any, to
> be encountered in the matter of collection; (c) the complexity of
> the litigation involved, and the expense, inconvenience and delay
> necessarily attending it; (d) the paramount interest of the creditors
> and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990).

10.     The standards for approval are well-settled and require the Court to inquire into the reasonableness of the proposed settlement. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

11.     The decision to approve a compromise or settlement is within the sound discretion of the bankruptcy judge. *In re Woodson*, 839 F.2d 610 (9th Cir. 1988); *In re American Reserve Corp.*, 841 F.2d 159 (7th Cir. 1987).   Because the bankruptcy judge is uniquely situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be disturbed on appeal absent a clear abuse of discretion. *Matter of Walsh Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982); *In re Batavia Metal Products, Inc.*, 166 F.2d 7 (7th Cir. 1948); *In the Matter of Energy Cooperative, Inc.*, 886 F.2d 921, 926 (7th Cir. 1989); *In re Bell & Beckwith*, 93 B.R. 569, 574 (Bankr. N.D. Ohio 1988).

12.     Generally, because the bankruptcy court has broad discretion to approve settlements reached under Rule 9019, it need only satisfy itself that the settlement is "within the range of reasonableness." *In re Best Product Co., Inc.*, 68 F.3d 26, 33 (2d Cir. 1995).   Therefore, the bankruptcy court's decision will be respected unless the settlement falls below the "lowest point in the range of reasonableness" (*In re Teletronics Services, Inc.*, 762 F.2d 185, 189 (2d Cir. 1985) (citation omitted)), and the court should give substantial deference to the business judgment of a bankruptcy trustee when deciding whether to approve a settlement. *In re Indian*

3

2129834.2

*Motorcycle, Inc.*, 289 B.R. 269, 283 (1st Cir. BAP 2003) ("Compromises are generally approved if they meet the business judgment of the trustee.").

13.     Here, the relevant factors weigh in favor of approving the Settlement Agreement. The Trustee considered the *Justice Oaks* factors, and has determined, in his business judgment, that the Settlement Agreement is in the best interests of the estate and falls well above the lowest point of the range of reasonableness.

14.     Indeed, a Chapter 7 trustee is required to reach an informed judgment, after diligent investigation, as to whether it would be prudent to eliminate the inherent risks, delays, and expense of prolonged litigation in an uncertain case. *See In re Vazquez*, 325 B.R. 30, 36 (Bankr. S.D. Fla. 2005). In *Vazquez*, the court stated:

> A chapter 7 trustee is entrusted to marshal an estate's assets and liabilities, and proceed in settling its accounts on whatever grounds he, in his informed discretion, believes will net the maximum return for the creditors (on whose behalf he toils). When augmentation of an asset involves protracted investigation or potentially costly litigation, with no guarantee as to the outcome, the trustee must tread cautiously—and an inquiring court must accord him wide latitude should he conclude that the game is not worth the candle.

*Id.*

15.     Public policy also supports approval of compromises or settlements of controversies in bankruptcy cases. Pretrial settlements are favored in all types of litigation, but bankruptcy trustees are particularly encouraged to find alternative solutions to drawn-out litigation given the financial instability of a debtor. See, e.g., *In re Soderstorm*, 477 B.R. at 254: *In re Bicoastal Corp.*, 164 B.R. 1009 (Bank. M.D. Fla 1993) (stating that public policy strongly favors pretrial settlement in all types of litigation): *Matter of Munford, Inc.*, 97 F. 3d 449, 449(11th Cir. 1996) (explaining that litigation costs are particularly burdensome on a bankruptcy estate given the financial instability of the estate).

2129834.2

16.    Based on the foregoing legal principles, the Trustee asserts that the Settlement Agreement falls well above the lowest range of reasonableness, and satisfies all of *Justice Oaks II* standards.

17.    The Trustee submits that the compromise is in the best interest of the creditors and the estate because it avoids the time, expense, and uncertainty inherent in litigation of this type that would be required and in the collection of any judgment entered. Moreover, the compromise serves the best interest of the estate's creditors because there is a finite amount of funds available in the estate, and the cost of litigating the disputes between the parties would be substantial. As such, it is in the best exercise of the Trustee's business judgment to compromise this matter, as set forth above, and therefore this Settlement Agreement satisfies the factors set forth by the Eleventh Circuit in its Justice Oaks II, decision.

WHEREFORE, Douglas Menchise, Chapter 7 Trustee of the Estate of Thomas Salvador Martino, respectfully requests that this Court enter an order (i) approving the compromise; (ii) authorizing the Trustee to take such action as required to consummate the compromise; and (iii) granting such other additional relief as is necessary and appropriate under the circumstances.

Dated: Tampa, Florida
      February 11, 2016

BUSH ROSS, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
(813) 224-9255
(813) 223-9620 fax
*Special Counsel for Trustee,*
*Douglas N. Menchise*


By: */s/ A. Christopher Kasten, II*
      A. Christopher Kasten, II, Esquire
      Florida Bar No. 771236
      ckasten@bushross.com

5

2129834.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 11, 2016, I electronically filed a true and correct copy of the Motion to Compromise Controversy with Thomas Salvador Martino and Pamela Cordell Martino with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system and I furnished a copy of the foregoing document to the parties listed on the attached matrix by U.S. Mail.

*/s/ A. Christopher Kasten, II*
Attorney

6

2129834.2

Label Matrix for local noticing
113A-8
Case 8:14-bk-13452-KRM
Middle District of Florida
Tampa
Thu Feb 11 10:55:17 EST 2016

Cavalry Portfolio Services
500 Summit Lake Dr, Ste 400
Valhalla, NY 10595-2322

Thomas Salvador Martino
114 East Davis Blvd. #3
Tampa, FL 33606-3507

SA Acquistion, LLC
c/o Bush Ross, P.A.
Attn: A. Christopher Kasten, II, Esq.
P.O. Box 3913
Tampa, FL 33601-3913

Savannah Capital, LLC
Allison C. Doucette, Esq.
Anthony & Partners, LLC
201 N. Franklin Street
Suite 2800
Tampa, FL 33602-5816

Bank of America
PO Box 22021
Greensboro, NC 27420-2021

(p)BB AND T
PO Box 1847
WILSON NC 27894-1847

Bright House Networks
One Galleria Tower
13355 Noel Rd S.
Dallas, TX 75240-6602

Callen Trust
PO Box 8747
Savannah, GA 31412-8747

Cavalry SPV I, LLC
500 Summit Lake Drive, Ste 400
Valhalla, NY 10595-1340

Deville Corp
2018 East 7th Ave
Tampa, FL 33605-3902

Gold Standard Properties LLC
2018 East 7th Ave
Tampa, FL 33605-3902

Heritage Bank of Florida
fdic
550 17th Street NW
Washington, DC 20429-0001

JH Portfolio Debt Equities
c/o Credit Control, LLC
5757 Phantom Dr.
Suite 330
Hazelwood, MO 63042-2429

JH Portfolio Debt Equities LLC
JD Receivables LLC
P. O. Box 382656
Germantown, TN 38183-2656

Leslie Fineman
Pensco Trust Company
fbo Leslie Fineman IRA
23420 Mirabella Circle S
Boca Raton, FL 33433-6128

Medmarc Casualty Ins Co.
14280 Park Meadow Drive, Suite 300
Chantilly, VA 20151-2291

Mercantile Bank
P.O. Box 100201
Columbia, SC 29202-3201

Old Dominion Ins. Co.
4601 Touchstone Rd
Suite 3300
Jacksonville, FL 32246-4485

Platinum Bank
802 W. Lumsden Rd.
Brandon, FL 33511-6279

Portfolio Asset Group
c/o
Mercantile Adjustment Bureau
35A Rust Lane
Boerne, TX 78006-8202

Pushpin Holdings, LLC
1 Penn Plaza
Box 6255
New York, NY 10119-0002

S.A. Aquisitions
c/o A. Christopher Kasten II
Bush Ross, PA
PO Box 3913
Tampa, FL 33601-3913

SA ACQUISITION LLC
c/o A. Christopher Kasten, II, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913

SAVANNAH CAPITAL, LLC
ALLISON C. DOUCETTE, ESQUIRE
ANTHONY & PARTNERS, LLC
201 North Franklin Street, Suite 2800
Tampa, Florida 33602-5816

SAVANNAH CAPITAL, LLC
JOHN A. ANTHONY, ESQ
ANTHONY & PARTNERS, LLC
201 North Franklin Street, Suite 2800
Tampa, Florida 33602-5816

San Francisco Dist. Center
PO Box 8747
Savannah, GA 31412-8747

Savannah Capital
618 Broughton Street
Savannah, GA 31401-2905

Savannah Capital LLC
PO Box 8747
Savannah, GA 31412-8747

Savannah Trust
Edgar L.T. Gay, Trustee
136 Habersham Street
Savannah, GA 31401-3823

Savannah Trust
L.T. Gay, Trustee
136 Habersham Street
Savannah, GA 31401-3823

TD Bank N.A.
Attn: Bankruptcy Dept.
ME2-002-035
P.O. Box 9547
Portland, ME 04112-9547

Wells Fargo Financial Cards
PO Box 14517
Des Moines, IA 50306-3517


Wright Family Trust
2018 E. 7th Ave
Tampa, FL 33605-3902

Wright Martino Partnership
118 Martinique St.
Tampa, FL 33606-4049

Douglas N Menchise +
2963 Gulf to Bay Boulevard
Suite 300
Clearwater, FL 33759-4255


Stephenie Biernacki Anthony +
Anthony & Partners LLC
201 N Franklin Street, Suite 2800
Tampa, FL 33602-5816

A. Christopher Kasten II+
Bush Ross, P.A.
Post Office Box 3913
Tampa, FL 33601-3913

David W Steen +
David W Steen, P.A.
2901 W. Busch Boulevard, Suite 311
Tampa, FL 33618-4565


Scott A. Stichter +
Stichter, Riedel, Blain & Postler, P.A.
110 E. Madison Street, Suite 200
Tampa, FL 33602-4718

Douglas N Menchise, Attorney for Trustee +
2963 Gulf to Bay Boulevard
Suite 300
Clearwater, FL 33759-4255

United States Trustee - TPA7/13 +
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949


John A Anthony +
Anthony & Partners, LLC
201 North Franklin Street, Suite 2800
Tampa, FL 33602-5816

Allison Doucette +
Anthony & Partners LLC
201 North Franklin Street
Suite 2800
Tampa, FL 33602-5816

A. Christopher Kasten, Attorney for Trustee
Bush Ross, P.A.
Post Office Box 3913
Tampa, FL 33601-3913


D Lee Pitisci +
Pitisci Dowell Markowitz
101 S. Moody Avenue
Tampa, FL 33609-3333


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Branch Banking and Trust
200 West Second St
Winston Salem, NC 27101

(d)Branch Banking and Trust
200 West Second St.
Winston Salem, NC 27101


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Deville Corp.

(u)Frank B. Wright, Wright Martino Partnershi

(d)Deville Corp
2018 East 7th Ave
Tampa, FL 33605-3902

(d)Mercantile Bank
PO Box 100201
Columbia, SC 29202-3201

End of Label Matrix
Mailable recipients    45
Bypassed recipients     4
Total                  49