UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

THOMAS SALVADOR MARTINO,

    Debtor.

_____/

Chapter 7
Case No.: 8:14-bk-13452-KRM

## MOTION TO ENFORCE THE SETTLEMENT AGREEMENT BETWEEN THOMAS SALVADOR MARTINO, PAMELA CORDELL MARTINO, AND DOUGLAS N. MENCHISE

COMES NOW Thomas Salvador Martino ("Debtor") and Pamela Cordell Martino ("Mrs. Martino") (together the "Adversary Defendants") by and through undersigned counsel and hereby files this Motion to Enforce the Settlement Between Thomas Salvador Martino, Pamela Cordell Martino, and Douglas N. Menchise in Response to the Trustee's Joinder of Motion for Reconsideration of Order Approving the Compromise with Thomas Salvador Martino and Pamela Cordell Martino and Douglas N. Menchise (Doc. 114) and in support thereof states as follows:

### Background

1. The Debtor filed for relief under chapter 7 of the Bankruptcy Code on November 14, 2014 (the "Petition Date").

2. On the Petition Date, the Debtor, together with his wife, Mrs. Martino, jointly owned a minority interest in Gold Standard Properties, LLC (the "LLC interest"), as tenants by the entirety, and therefore, exempt property. On June 15, 2015 the Trustee initiated an adversary proceeding against the Debtor, his wife and their two adult children, Case No. 8:15-ap-00554-KRM, seeking to avoid allegedly fraudulent transfers of the property of the estate of Debtor; to wit, the LLC interest. The Trustee's claims against the Martinos' children have since been

dismissed. The Debtor, Mrs. Martino, and the Trustee are hereinafter referred to as the "Adversary Parties."

3. On January 22, 2016, after seven (7) months of litigation, the Adversary Parties submitted to mediation before the Honorable Caryl Delano. As a result, the parties entered into a binding settlement agreement that provided that the Trustee would dismiss his claims against the Debtor and Mrs. Martino, with prejudice, in consideration of $25,000. Mediator, the Honorable Caryl Delano, entered a Mediator's Report on January 25, 2016, confirming "the dispute has been completely resolved" and the terms of the settlement were stated on the record in open court. See Exhibit "A" (Mediator's Report).

4. On February 11, 2016, the Trustee submitted a Motion to Approve Compromise of Controversy (the "Motion for Approval of Settlement") (Doc. 109) to this Court for approval. See Exhibit "B" (Motion for Approval of Settlement"). The Motion detailed the terms of the settlement between the Adversary Proceeding and also expressed the specific reasons why the Trustee believed the settlement was in the best interests of the estate, utilizing the standards espoused by the Eleventh Circuit in In re Justice Oaks II, Ltd, 898 F.2d 1544, 1549 (11th Cir. 1990).

5. The Trustee noticed all interested parties of the settlement agreement pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(3) and Local Rule 2002-4, including Savannah Capital, via negative noticing procedures. The time period for interested parties to object to the settlement (the "Objection Period") began to run on February 12, 2016, the day after the Motion for Approval of Settlement was filed, and ended 25 days later on March 7, 2016.[1] Nobody objected to the terms of the settlement during the Objection Period.

---

[1] The 24-day period ended on a weekend, therefore, per Federal Rule of Bankruptcy Procedure 9006(a) the period carried over until Monday, March 7, 2016.

2

6. On March 10, 2016, this Court entered an Order Approving the Trustee's Motion Seeking Approval of the Settlement (Doc. 110) (the "Order Approving the Settlement" or "Order").

7. After the entry of the Order, Savannah Capital filed an Objection to Motion for Approval of the Settlement (Doc. 111) (the "Objection"). Savannah Capital's Objection represented that Savannah Capital could present an entity interested in purchasing the Trustee's claim against the Debtor. Savannah Capital identified the entity as HIR University Investors LLC which is actually a related entity controlled by Savannah Capital (hereinafter referred to as the "Competing Bidder").

8. Apparently realizing that the Objection Period had lapsed, on March 14, 2016, four (4) days after the entry of the Order, Savannah Capital filed a Motion for Reconsideration (Doc. 112) (the "Motion for Reconsideration").

9. A day later, on March 15, 2016, the Trustee filed a Joinder of Motion for Reconsideration of Order Approving the Settlement (Doc. 114) (the "Joinder Motion for Reconsideration"). The Joinder Motion for Reconsideration states: "The Trustee adopts in total the arguments presented by Savannah and respectfully requests that this Court determine if an auction of the Trustee's claim is in the best interests of the creditors."

### Relief Requested

10. The Adversary Defendants request that this Court deny the Trustee and Savannah Capital's *Motion for Reconsideration* for the reasons stated in Adversary Defendants' *Response in Opposition to Savannah Capital LLC's Motion for Reconsideration* and the additional grounds that follow. As no bases for reconsideration of this Court's *Order* exist, Adversary Defendants request this Court to enforce the Settlement and compel the Trustee's specific performance with the Settlement's terms.

11. Since the Trustee "adopts in total the arguments presented by Savannah," the Adversary Defendants incorporates its *Response in Opposition to Savannah Capital LLC's Motion for Reconsideration* and the positions taken therein into this *Motion for Enforcement* and in support of its position, adds the following.

12. Since the courts view reconsideration of a previous order as an extraordinary remedy, courts limit its application. Lamar Advertising of Mobile, Inc. v. City of Lakeland, Florida, 189 F.R.D. 480, 489 (M.D. Fla. 1999); Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla. 1993).

13. The Trustee has not alleged anything that could serve as a potential basis for this Court to vacate its March 10, 2016 Order. Accordingly, the Adversary Defendants request that this Court deny the Trustee's Joinder Motion for Reconsideration.

14. Moreover, the Adversary Defendants request this Court enforce the Settlement Agreement entered into between the Adversary Defendants and the Trustee.

15. "Settlement agreements have always been a favored means of resolving disputes." Rodriguez v. Via Metro Transit Sys., 802 F.2d 126, 128 (5th Cir. 1986); In re Bicoastal Corp., 164 B.R. 1009 (Bankr. M.D. Fla. 1993). "[W[hen fairly arrived at and properly entered into, [settlement agreements] are generally viewed as binding, final, and conclusive of rights as a judgment." Quoting Jones v. Texas Tech University, 656 F.2d 1137, 1142 n. 2 (5th Cir. 1981); see also United States v. Ameritrade Terminals, Inc., 177 Fed. App'x. 855, 858 (11th Cir. 2006); Justice Oaks II, 898 F.2d at 1549 (11th Cir. 1990). Bankruptcy courts have the inherent authority to not only facilitate and recognize settlements, but also to enforce such agreements when fairly arrived at and properly entered into. See Jove Eng'g v. IRS, 92 F.3d 1539, 1553 (11th Cir. 1996) (stating that a court retains the authority to enforce its order and judgments); Ford v. Citizens & Southern Nat'l Bank, 928 F.2d 1118, 1121 (11th Cir. 1991) (holding that the

court has the inherent authority to summarily enforce a settlement agreement entered into by parties litigant in a pending case); Bell v. Schexnayder, 36 F.3d 447, 449 (5th Cir. 1994) (stating that the power of courts to enforce settlements is one of "three important goals encouraged by our judicial system: voluntary settlements of disputes, the enforcement of agreements according to the objective intent of the parties, and an end to litigation."). Courts have also recognized the bankruptcy court's power to enforce settlement agreements under 11 U.S.C. § 105(a), which allows the bankruptcy court to issue a decree of specific performance of a contract. See 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); In re Hillsborough Holdings Corp., 267 B.R. 882, 889 (Bankr. M.D. Fla. 2001).

16. Parties to a settlement agreement are entitled to certainty that the agreement is valid and enforceable. A party to a settlement agreement has no right to unilaterally repudiate the agreement. See Musselman v. Stanonik (In re Seminole Walls & Ceilings Corp.), 388 B.R. 386, 392-95 (M.D. Fla. 2008). In re Seminole Walls, 388 B.R. at 395 ("Contracting parties are entitled to the assurance that their settlement agreements are valid and effective even though their performance obligations have yet to arise. There should be no concern that a party to such an agreement might unilaterally repudiate the agreement").

17. As such, the Adversary Defendants request that this Court enforce the settlement agreement between the Adversary Defendants and the Trustee and compel specific performance of the agreement's terms against the Trustee.

WHEREFORE, the Adversary Defendants respectfully request that this Court deny Trustee's Joinder Motion for Reconsideration, grant its Motion for Enforcement of the Settlement Agreement, and provide such other and further relief as this Court deems just.

D. LEE PITISCI, ESQUIRE
Florida Bar No.: 771650
Pitisci, Dowell & Markowitz
101 S. Moody Avenue
Tampa, Florida 33609
Phone: (813) 228-9233 x 4
Fax:   (813) 229-5979
Primary E-Mail: lpitisci@pdmmlaw.com
Secondary E-Mail: alutz@pdmmlaw.com
*Co-Counsel for Debtor*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 23, 2016, I electronically filed a true and correct copy of the *Motion to Enforce the Settlement Agreement Between Thomas Salvador Martino, Pamela Cordell Martino, and Douglas N. Menchise* with the Clerk of the United States Bankruptcy Court by using the CM/ECF system and the clerk for the Middle District of Florida using the CM/ECF system, will furnish a copy of the foregoing document(s) to the parties listed below in the manner of service indicated below.

D. LEE PITISCI, ESQUIRE
Florida Bar No.: 771650

**Via the CM/ECF system which will send a Notice of Electronic Filing to:**

A. Christopher Kasten, II, Esquire, Special Counsel for Trustee, Douglas N. Menchise
David W. Steen, Esquire, Co-Counsel for Debtor
Douglas N. Menchise, Chapter 7 Trustee
United States Trustee

6

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Thomas Salvador Martino,

    Debtor.
_____/

Case No. 8:14-bk-13452-KRM
Chapter 7

Douglas Menchise, Chapter 7
Trustee,

    Plaintiff,

vs.

Adv. Pro. No. 8:15-ap-554-KRM

Thomas Salvador Martino and
Pamela Cordell Martino,

    Defendants.
_____/

## MEDIATOR'S REPORT AND
## NOTICE OF COMPLETION OF MEDIATION

Pursuant to Local Rule 9019-2, a mediation conference was held on January 22, 2016, and the results of that conference are indicated below:

(a)    The following individuals were present:

    1.  Parties (name and capacity) –

        a.  Douglas Menchise, Chapter 7 Trustee/Plaintiff
        b.  Thomas Salvador Martino, Debtor/Defendant
        c.  Pamela Cordell Martino, Defendant

    2.  Counsel of record (name and party representing) --

        a.  A. Christopher Kasten, II, Esq. – Counsel for the Trustee
        b.  D. Lee Pitisci, Esq. – Counsel for Debtor/Defendants


EXHIBIT A

(b)  The following parties failed to appear and/or participate as volunteered:  None.

(c)  The outcome of the mediation conference was:

The dispute has been completely resolved and participating counsel have been instructed to file a motion for approval of the compromise on the terms stated on the record in open court.

Dated:  January 25, 2016

_____
Caryl E. Delano
United States Bankruptcy Judge
Mediator


The Clerk's office is directed to serve a copy of this report on the parties via CM/ECF.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                Case No.: 8:14-bk-13452

THOMAS SALVADOR MARTINO,                                              Chapter 7

    Debtor.
_____/

> **NOTICE OF OPPORTUNITY TO**
> **OBJECT AND REQUEST FOR HEARING**
>
> Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602-3899 and serve a copy on the movant's attorney, A. Christopher Kasten, II, Esq., Bush Ross, P.A., 1801 N. Highland Avenue, Tampa, Florida 33602, and any other appropriate persons within the time allowed.
>
> If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.



2130515.1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                        Case No.: 8:14-bk-13452

THOMAS SALVADOR MARTINO,                      Chapter 7

   Debtor.
_____/

## MOTION TO COMPROMISE CONTROVERSY WITH THOMAS SALVADOR MARTINO AND PAMELA CORDELL MARTINO

COMES NOW Douglas N. Menchise, the Chapter 7 Trustee (the "**Trustee**"), for the bankruptcy estate of Thomas Salvador ("**Debtor**"), by and through the undersigned counsel and pursuant to Bankruptcy Rules 9019 and 2002(a)(3) and files this his Motion to Compromise Controversy with Thomas Salvador Martino and Pamela Cordell Martino (the "**Motion**") and requests the entry of an order approving this Motion and the Settlement Agreement (as defined herein) between the Trustee, the Debtor and Pamela Cordell Martino. As grounds for the Motion the Trustee states as follows:

### BACKGROUND

1.  On June 15, 2015, the Trustee filed a three-count Complaint against Thomas Salvador Martino Pamela Cordell Martino, Marcus Angelo Martino, and Lara Martino, arising out of transfers of Thomas Salvador Martino's ownership interest in Gold Standard Properties, LLC.

2.  Count I was an avoidance of a fraudulent transfer pursuant to § 726.105(1)(a) against Thomas Salvador Martino, Marcus Martino and Lara Martino. Count I has previously been dismissed.

2129834.2

3. Count II was an action by the Trustee against Thomas Martino and Pamela Martino to avoid a fraudulent transfer pursuant to § 726.105(1)(a). This claim remains pending.

4. In Count III the Trustee sought the avoidance of a fraudulent transfer against Thomas Salvador Martino and Pamela Martino pursuant to § 726.106(1). This claim remains pending.

5. On January 22, 2016, pursuant to this Court's previous Order, the parties hereto mediated this adversary proceeding before the Honorable Caryl Delano.

6. An agreement was reached during the mediation to settle the matter as set forth herein.

## THE PROPOSED SETTLEMENT AGREEMENT

7. Thomas Salvador Martino and Pamela Cordell Martino have agreed to pay the Trustee the sum of $25,000.00 in cash or certified funds on the fifteenth day after an Order is entered by this Bankruptcy Court approving this proposed agreement which order is final and has not been appealed. Upon receipt of the funds, the Trustee has agreed to dismiss this Adversary Proceeding with prejudice ("**Settlement Agreement**").

## MEMORANDUM OF LAW

8. By this Motion, the Trustee respectfully requests that the Court enter an order approving the Settlement Agreement in its entirety, and retain sole and exclusive jurisdiction over same. Federal Rule of Bankruptcy Procedure 9019 provides in relevant part that "[o]n motion . . . and after a hearing on notice to creditors; the debtor . . . and to such other entities as the Court may designate, the Court may approve a compromise or settlement."

9. The Eleventh Circuit has announced that:

> [w]hen a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider: (a) the

2

2129834.2

> probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990).

10. The standards for approval are well-settled and require the Court to inquire into the reasonableness of the proposed settlement. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

11. The decision to approve a compromise or settlement is within the sound discretion of the bankruptcy judge. *In re Woodson*, 839 F.2d 610 (9th Cir. 1988); *In re American Reserve Corp.*, 841 F.2d 159 (7th Cir. 1987). Because the bankruptcy judge is uniquely situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be disturbed on appeal absent a clear abuse of discretion. *Matter of Walsh Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982); *In re Batavia Metal Products, Inc.*, 166 F.2d 7 (7th Cir. 1948); *In the Matter of Energy Cooperative, Inc.*, 886 F.2d 921, 926 (7th Cir. 1989); *In re Bell & Beckwith*, 93 B.R. 569, 574 (Bankr. N.D. Ohio 1988).

12. Generally, because the bankruptcy court has broad discretion to approve settlements reached under Rule 9019, it need only satisfy itself that the settlement is "within the range of reasonableness." *In re Best Product Co., Inc.*, 68 F.3d 26, 33 (2d Cir. 1995). Therefore, the bankruptcy court's decision will be respected unless the settlement falls below the "lowest point in the range of reasonableness" (*In re Teletronics Services, Inc.*, 762 F.2d 185, 189 (2d Cir. 1985) (citation omitted)), and the court should give substantial deference to the business judgment of a bankruptcy trustee when deciding whether to approve a settlement. *In re Indian*

3

*Motorcycle, Inc.*, 289 B.R. 269, 283 (1st Cir. BAP 2003) ("Compromises are generally approved if they meet the business judgment of the trustee.").

13. Here, the relevant factors weigh in favor of approving the Settlement Agreement. The Trustee considered the *Justice Oaks* factors, and has determined, in his business judgment, that the Settlement Agreement is in the best interests of the estate and falls well above the lowest point of the range of reasonableness.

14. Indeed, a Chapter 7 trustee is required to reach an informed judgment, after diligent investigation, as to whether it would be prudent to eliminate the inherent risks, delays, and expense of prolonged litigation in an uncertain case. *See In re Vazquez*, 325 B.R. 30, 36 (Bankr. S.D. Fla. 2005). In *Vazquez*, the court stated:

> A chapter 7 trustee is entrusted to marshal an estate's assets and liabilities, and proceed in settling its accounts on whatever grounds he, in his informed discretion, believes will net the maximum return for the creditors (on whose behalf he toils). When augmentation of an asset involves protracted investigation or potentially costly litigation, with no guarantee as to the outcome, the trustee must tread cautiously—and an inquiring court must accord him wide latitude should he conclude that the game is not worth the candle.

*Id.*

15. Public policy also supports approval of compromises or settlements of controversies in bankruptcy cases. Pretrial settlements are favored in all types of litigation, but bankruptcy trustees are particularly encouraged to find alternative solutions to drawn-out litigation given the financial instability of a debtor. See, e.g., *In re Soderstorm*, 477 B.R. at 254: *In re Bicoastal Corp.*, 164 B.R. 1009 (Bank. M.D. Fla 1993) (stating that public policy strongly favors pretrial settlement in all types of litigation): *Matter of Munford, Inc.*, 97 F. 3d 449, 449(11th Cir. 1996) (explaining that litigation costs are particularly burdensome on a bankruptcy estate given the financial instability of the estate).

16. Based on the foregoing legal principles, the Trustee asserts that the Settlement Agreement falls well above the lowest range of reasonableness, and satisfies all of *Justice Oaks II* standards.

17. The Trustee submits that the compromise is in the best interest of the creditors and the estate because it avoids the time, expense, and uncertainty inherent in litigation of this type that would be required and in the collection of any judgment entered. Moreover, the compromise serves the best interest of the estate's creditors because there is a finite amount of funds available in the estate, and the cost of litigating the disputes between the parties would be substantial. As such, it is in the best exercise of the Trustee's business judgment to compromise this matter, as set forth above, and therefore this Settlement Agreement satisfies the factors set forth by the Eleventh Circuit in its <u>Justice Oaks II</u>, decision.

WHEREFORE, Douglas Menchise, Chapter 7 Trustee of the Estate of Thomas Salvador Martino, respectfully requests that this Court enter an order (i) approving the compromise; (ii) authorizing the Trustee to take such action as required to consummate the compromise; and (iii) granting such other additional relief as is necessary and appropriate under the circumstances.

Dated: Tampa, Florida
February 11, 2016

BUSH ROSS, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
(813) 224-9255
(813) 223-9620 fax
*Special Counsel for Trustee,
Douglas N. Menchise*

By: /s/ *A. Christopher Kasten, II*
A. Christopher Kasten, II, Esquire
Florida Bar No. 771236
ckasten@bushross.com

5

2129834.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 11, 2016, I electronically filed a true and correct copy of the Motion to Compromise Controversy with Thomas Salvador Martino and Pamela Cordell Martino with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system and I furnished a copy of the foregoing document to the parties listed on the attached matrix by U.S. Mail.

/s/ A. Christopher Kasten, II
Attorney

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:14-bk-13452-KRM<br>Middle District of Florida<br>Tampa<br>Thu Feb 11 10:55:17 EST 2016 | Cavalry Portfolio Services<br>500 Summit Lake Dr, Ste 400<br>Valhalla, NY 10595-2322 | Thomas Salvador Martino<br>114 East Davis Blvd. #3<br>Tampa, FL 33606-3507 |
| SA Acquistion, LLC<br>c/o Bush Ross, P.A.<br>Attn: A. Christopher Kasten, II, Esq.<br>P.O. Box 3913<br>Tampa, FL 33601-3913 | Savannah Capital, LLC<br>Allison C. Doucette, Esq.<br>Anthony & Partners, LLC<br>201 N. Franklin Street<br>Suite 2800<br>Tampa, FL 33602-5816 | Bank of America<br>PO Box 22021<br>Greensboro, NC 27420-2021 |
| (p)BB AND T<br>PO BOX 1847<br>WILSON NC 27894-1847 | Bright House Networks<br>One Galleria Tower<br>13355 Noel Rd S.<br>Dallas, TX 75240-6602 | Callen Trust<br>PO Box 8747<br>Savannah, GA 31412-8747 |
| Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595-1340 | Deville Corp<br>2018 East 7th Ave<br>Tampa, FL 33605-3902 | Gold Standard Properties LLC<br>2018 East 7th Ave<br>Tampa, FL 33605-3902 |
| Heritage Bank of Florida<br>fdic<br>550 17th Street NW<br>Washington, DC 20429-0001 | JH Portfolio Debt Equities<br>c/o Credit Control, LLC<br>5757 Phantom Dr.<br>Suite 330<br>Hazelwood, MO 63042-2429 | JH Portfolio Debt Equities LLC<br>JD Receivables LLC<br>P. O. Box 382656<br>Germantown, TN 38183-2656 |
| Leslie Fineman<br>Pensco Trust Company<br>fbo Leslie Fineman IRA<br>23420 Mirabella Circle S<br>Boca Raton, FL 33433-6128 | Medmarc Casualty Ins Co.<br>14280 Park Meadow Drive, Suite 300<br>Chantilly, VA 20151-2291 | Mercantile Bank<br>P.O. Box 100201<br>Columbia, SC 29202-3201 |
| Old Dominion Ins. Co.<br>4601 Touchstone Rd<br>Suite 3300<br>Jacksonville, FL 32246-4485 | Platinum Bank<br>802 W. Lumsden Rd.<br>Brandon, FL 33511-6279 | Portfolio Asset Group<br>c/o<br>Mercantile Adjustment Bureau<br>35A Rust Lane<br>Boerne, TX 78006-8202 |
| Pushpin Holdings, LLC<br>1 Penn Plaza<br>Box 6255<br>New York, NY 10119-0002 | S.A. Aquisitions<br>c/o A. Christopher Kasten II<br>Bush Ross, PA<br>PO Box 3913<br>Tampa, FL 33601-3913 | SA ACQUISITION LLC<br>c/o A. Christopher Kasten, II, Esq.<br>Bush Ross, P.A.<br>Post Office Box 3913<br>Tampa, Florida 33601-3913 |
| SAVANNAH CAPITAL, LLC<br>ALLISON C. DOUCETTE, ESQUIRE<br>ANTHONY & PARTNERS, LLC<br>201 North Franklin Street, Suite 2800<br>Tampa, Florida 33602-5816 | SAVANNAH CAPITAL, LLC<br>JOHN A. ANTHONY, ESQ<br>ANTHONY & PARTNERS, LLC<br>201 North Franklin Street, Suite 2800<br>Tampa, Florida 33602-5816 | San Francisco Dist. Center<br>PO Box 8747<br>Savannah, GA 31412-8747 |
| Savannah Capital<br>618 Broughton Street<br>Savannah, GA 31401-2905 | Savannah Capital LLC<br>PO Box 8747<br>Savannah, GA 31412-8747 | Savannah Trust<br>Edgar L.T. Gay, Trustee<br>136 Habersham Street<br>Savannah, GA 31401-3823 |

| | | |
|---|---|---|
| Savannah Trust<br>L.T. Gay, Trustee<br>136 Habersham Street<br>Savannah, GA 31401-3823 | TD Bank N.A.<br>Attn: Bankruptcy Dept.<br>ME2-002-035<br>P.O. Box 9547<br>Portland, ME 04112-9547 | Wells Fargo Financial Cards<br>PO Box 14517<br>Des Moines, IA 50306-3517 |
| Wright Family Trust<br>2018 E. 7th Ave<br>Tampa, FL 33605-3902 | Wright Martino Partnership<br>118 Martinique St.<br>Tampa, FL 33606-4049 | Douglas N Menchise +<br>2963 Gulf to Bay Boulevard<br>Suite 300<br>Clearwater, FL 33759-4255 |
| Stephenie Biernacki Anthony +<br>Anthony & Partners LLC<br>201 N Franklin Street, Suite 2800<br>Tampa, FL 33602-5816 | A. Christopher Kasten II+<br>Bush Ross, P.A.<br>Post Office Box 3913<br>Tampa, FL 33601-3913 | David W Steen +<br>David W Steen, P.A.<br>2901 W. Busch Boulevard, Suite 311<br>Tampa, FL 33618-4565 |
| Scott A. Stichter +<br>Stichter, Riedel, Blain & Postler, P.A.<br>110 E. Madison Street, Suite 200<br>Tampa, FL 33602-4718 | Douglas N Menchise, Attorney for Trustee +<br>2963 Gulf to Bay Boulevard<br>Suite 300<br>Clearwater, FL 33759-4255 | United States Trustee - TPA7/13 +<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 |
| John A Anthony +<br>Anthony & Partners, LLC<br>201 North Franklin Street, Suite 2800<br>Tampa, FL 33602-5816 | Allison Doucette +<br>Anthony & Partners LLC<br>201 North Franklin Street<br>Suite 2800<br>Tampa, FL 33602-5816 | A. Christopher Kasten, Attorney for Trustee<br>Bush Ross, P.A.<br>Post Office Box 3913<br>Tampa, FL 33601-3913 |
| D Lee Pitisci +<br>Pitisci Dowell Markowitz<br>101 S. Moody Avenue<br>Tampa, FL 33609-3333 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Branch Banking and Trust<br>200 West Second St<br>Winston Salem, NC 27101 | (d)Branch Banking and Trust<br>200 West Second St.<br>Winston Salem, NC 27101 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Deville Corp. | (u)Frank B. Wright, Wright Martino Partnershi | (d)Deville Corp<br>2018 East 7th Ave<br>Tampa, FL 33605-3902 |

(d)Mercantile Bank
PO Box 100201
Columbia, SC 29202-3201

End of Label Matrix
Mailable recipients    45
Bypassed recipients     4
Total                  49