UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

THOMAS SALVADOR MARTINO,                    Chapter 7
                                            Case No.: 8:14-bk-13452-KRM
      Debtor.

_____/

### RESPONSE TO SAVANNAH CAPITAL LLC'S MOTION FOR RECONSIDERATION OF ORDER APPROVING THE COMPROMISE WITH THOMAS SALVADOR MARTINO AND PAMELA CORDELL MARTINO AND DOUGLAS N. MENCHISE (DOC. 112)

COMES NOW Thomas Salvador Martino ("Debtor") and Pamela Cordell Martino ("Mrs. Martino") (together the "Respondents ") by and through undersigned counsel and hereby files this Response to Savannah Capital LLC's ("Savannah Capital") Motion for Reconsideration of the Order Approving the Compromise with the Thomas Salvador Martino and Pamela Cordell Martino and Douglas N. Menchise, entered by this Court on March 10, 2016. As will be shown in detail below, the Motion for Reconsideration should be denied in its entirety.

### Background

1.      The Debtor filed for relief under chapter 7 of the Bankruptcy Code on November 14, 2014 (the "Petition Date").

2.      On the Petition Date, the Debtor, together with his wife, Mrs. Martino, owned a minority interest in Gold Standard Properties, LLC (the "LLC interest"), as tenants by the entirety and therefore exempt property. On June 15, 2015, the Trustee initiated an adversary proceeding against the Debtor, his non-filing wife, Mrs. Martino, and his two non-filing adult children, Case No. 8:15-ap-00554-KRM, seeking to avoid an alleged fraudulent transfer of property of the estate of the debtor; to wit, the LLC interest. The Trustees claims against the

Martino's children have since been dismissed. The Debtor, Mrs. Martino, and the Trustee are hereinafter referred to as the "Adversary Parties."

3.    On January 22, 2016, after seven (7) months of litigation, the Adversary Parties submitted to mediation before the Honorable Caryl Delano. As a result, the parties entered into a binding settlement agreement that provided that the Trustee would dismiss his claims against the Debtor and Mrs. Martino, with prejudice, in consideration of $25,000. Mediator, the Honorable Caryl Delano, entered an mediators Report on January 25, 2016, confirming "the dispute has been completely resolved" and the terms of the settlement were stated on the record in open court. See Exhibit "A" (Mediator's Report).

4.    On February 11, 2016, the Trustee submitted a Motion to Approve Compromise of Controversy (the "Motion for Approval of Settlement") (Doc. 109) to this Court for approval. See Exhibit "B" (Motion for Approval of Settlement"). The Motion detailed the terms of the settlement between the Adversary Proceeding and also expressed the specific reasons why the Trustee believed the settlement was in the best interests of the estate, utilizing the standards espoused by the Eleventh Circuit in In re Justice Oaks II, Ltd, 898 F.2d 1544, 1549 (11th Cir. 1990).

5.    The Trustee noticed all interested parties of the Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(3) and Local Rule 2002-4, including Savannah Capital, via negative noticing procedures.

6.    The time period for interested parties to object to the settlement (the "Objection Period") began to run on February 12, 2016, the day after the Motion for Approval of Settlement

was filed, and ended 25 days later on March 7, 2016.[1]  Nobody objected to the terms of the settlement during the Objection Period.

7.    On March 10, 2016, this Court entered an Order Approving the Trustee's Motion Seeking Approval of the Settlement (Doc. 110) (the "Order Approving Settlement" or "Order").

8.    A day after the entry of the *Order*, Savannah Capital filed an *Objection to Motion for Approval of the Settlement* [Doc. 111] (the *"Objection"*).  Savannah Capital's *Objection* represented that an entity related to Savannah Capital, HIR University Investors LLC which is actually controlled by Savannah Capital (the "Competing Bidder") was interested in purchasing the Trustee's claims against the Respondents for $50,000.00.

9.    Then, on March 14, 2016 – four days after the entry of the Order – Savannah Capital filed its *Motion for Reconsideration of "Order Approving the Compromise with Thomas Salvador Martino and Pamela Cordell Martino and Douglas N. Menchise"* [Doc. 112] (the *"Motion for Reconsideration"*), apparently realizing that the Objection Period had lapsed. Savannah Capital's *Motion for Reconsideration* is set for hearing on March 24th.

10.    Savannah Capital's *Motion for Reconsideration* states it is seeking relief under Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024.

## Relief Requested

11.    Savannah Capital received notice of the compromise and had twenty-seven (27) days to file its objection.  Neither Savannah Capital nor anyone else objected to the compromise.  That being such, this Court entered its Order Approving the Settlement.  Now, after the entry of the Order, Savannah Capital comes to the Court asking for a rehearing of the compromise order and asking the Court to: (1) vacate its March 10, 2016 Order; (2) consider the compromise motion on the merits; and (3) consider the merits of the compromise objection and

---

[1] The 24-day period ended on a weekend, therefore, per Federal Rule of Bankruptcy Procedure 9006(a) the period carried over until Monday, March 7, 2016.

allow the non-Trustee to prosecute the Trustee's claims against the Respondents for the benefit of the non-Trustee not the Estate.

12.    The Respondents request that this Court deny the relief Savannah Capital seeks on the grounds that Savannah Capital has procedurally and equitably foreclosed on its rights to vacate this order by not objecting to the proposed settlement during the Objection Period as Savannah Capital has no standing to seek a rehearing of an adversary proceeding which they were not a party. Moreover, Savannah Capital has not asserted any basis for this court to reconsider or vacate its Order Approving Settlement dated March 10, 2016.

**Savannah Capital's Procedural Rights Do Not Extend Beyond the Objection Period:**

13.    Parties in interest, including creditors, typically have rights to be notified of a settlement between a trustee and debtor prior to the court's approval of such settlement; however, creditors' rights to object do not extend beyond the Objection Period. Once the Objection Period has lapsed and a competent court deems the settlement in the best interests of the estate and so-orders, the creditors' rights extinguish. i.e. a creditor no longer has the right to argue that the settlement is *not* in the best interest of the estate. Creditors may not ask the approving court to reconsider and vacate the order based on their late objections. See Order Denying Motion in Disagreement to Order Approving Settlement Between Taylor, Bean & Whitaker Mortgage Corporation Plan Trust and Sovereign Bank, No. 3:09-bk-07047-JAF (Bankr. M.D. Fla. Apr. 6, 2012), ECF No. 5147 ("This matter came before the Court for a hearing on March 9, 2012. There being no objection filed or raised at the hearing, and after reviewing and considering the motion and arguments of counsel presented in open court, the Court entered the subject Order. The Creditors having foregone the opportunity to raise objections to the settlement agreement. To the extent the Creditors seek belated relief from the Court, the Motions are not well taken").

4

14.     Creditors may not ask the approving court to reconsider and vacate an order approving a settlement based on objections that they made or could have made during the Objection Period.  As this Court has made clear in its recent opinion, <u>Smith v. Strunk (In re Strunk)</u>, 2016 Bankr. LEXIS 503 (Bankr. M.D. Fla. Feb. 18, 2016), a motion for reconsideration "may not be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" <u>Id.</u> at *9 (quoting <u>Sherrod v. Palm Beach County School Dist.</u>, 237 Fed. App'x 423, 434 (11th Cir. 2007)); <u>see also</u> <u>Kellogg v. Schreiber (In re Kellogg)</u>, 197 F.3d 1116, 1119 (11th Cir. 1999).

15.     Likewise, dissatisfied creditors may not appeal an order approving a settlement agreement that concludes an adversary proceeding, unless they were a party to the settlement or made a party to the adversary proceeding via intervention.  As the Eleventh Circuit has explained: "Generally, only the bankruptcy trustee may appeal an order from a bankruptcy court.  The general rule was developed as a means to control, in an orderly manner, proceedings that often involve numerous creditors who are dissatisfied with any compromise that jeopardizes the full payment of their outstanding claims against the bankrupt." <u>Westwood Cmty. Two Ass'n, Inc. v. Barbee (In re Westwood Cmty. Two Ass'n, Inc.)</u>, 293 F.3d 1332, 1332 (11th Cir. 2002).

16.     Here, Savannah Capital received notice of the Settlement and had twenty-seven (27) days to express its objection.  Consistent with its course of conduct in this case,[2] Savannah Capital sat on its rights until after the Objection Period expired, causing the Debtor and this Court to expend time and resources in considering procedural motions that would not be

---

[2] Savannah Capital and/or its counsel have missed every major deadline in this case, including the deadline to file a proof of claim, the deadline to file a complaint objecting to discharge or the dischargeability of certain debts, and, now, the deadline to object to the Trustee's proposed settlement in this Adversary Suit.  Further, as this Court is aware, in a separate adversary proceeding involving Savannah Capital and the Debtor, Savannah Capital also failed to meet two mediation deadlines and failed to attend or respond to this Court's request for attendance at the pre-trial conference on January 26, 2016 to the point the Court demanded a Motion to Show Cause hearing as to why Savannah Capital's adversary complaint should not be dismissed.

necessary but-for Savannah Capital's failure to adhere to deadlines imposed by the Federal Rules of Bankruptcy Procedure.[3]

17.    The relief Savannah Capital seeks in its *Motion for Reconsideration* requires this Court to grant several extraordinary remedies – such as reconsideration and/or vacation or alteration of an Order and allowing a contractual party to unilaterally rescind a binding settlement agreement – yet Savannah Capital's *Motion for Reconsideration* does not even specify the basis upon which this Court should reconsideration its *Order,* other than plainly referencing Fed. R. Civ. P. 60.

18.    There is no new evidence based on information communicated by the Trustee to Respondents and their counsel which confirms Savannah Capital and the Trustee knew that Savannah Capital, its principals, or related entities had an interest in purchasing the Trustee's claims long-before the Objection Period expired.    Therefore, the representation made by Savannah Capital and adopted by the Trustee that: "Neither this Court nor the Trustee, nor other parties in interest, were aware of the Competing Bidder's interest in the Controversy with sufficient notice to object to the Compromise" (quoting *Motion for Reconsideration*) [Doc. 112, p. 3] is inaccurate.    Moreover, by Savannah Capital's own admission, the Competing Bidder is a related entity, which indicates that the Competing Bidder's knowledge of the Trustee's causes of action against the Respondents was derived from its relationship with Savannah Capital such that Savannah Capital controlled the related entity's interest in purchasing the Trustee's claims by the controlling the information it provided to the related entity about the claims and the timing thereof.

---

[3] In addition to the hearing scheduled on this *Motion for Reconsideration*, the Debtor has prepared for and attended hearings on June 11, 2015 [Docs. 50, 72, 73, 74, 78, and 83] and February 9, 2016 [Docs. 38, 40, 43, 45] as a result of Savannah Capital's untimely filings.

19.      Being that Savannah Capital held and controlled the Competing Bidder's interest in purchasing the Trustee's claims, Savannah Capital could have presented this evidence and objected to the proposed Settlement on the basis of such interest prior to the entry of this Court's *Order*. Since Savannah Capital did not make such arguments or present such evidence, the Respondents request that Savannah Capital's *Motion for Reconsideration* be denied pursuant to this Court's holding in Smith v. Strunk (In re Strunk), 2016 Bankr. LEXIS 503 at *9 (Bankr. M.D. Fla. Feb. 18, 2016) ("Where a movant has had an opportunity to introduce the same arguments and evidence prior to the issuance of the order at issue, denial of a reconsideration motion is proper.").

## Savannah Capital Should be Equitably Estopped From Objecting the Settlement:

20.      The Respondents entered into the settlement with the Trustee with the expectation they were entering into a binding contract, subject only to this Court's independent evaluation of the settlement. See Musselman v. Stanonik (In re Seminole Walls & Ceilings, Corp., 388 B.R. 386, 394-95 (M.D. Fla. 2008) (holding that at the moment parties enter into a settlement in an adversary proceeding within a bankruptcy case, the parties are bound to the terms thereof and may not unilaterally repudiate the contract unless and until the bankruptcy court rejects the settlement). The Respondents understood that the Court's evaluation of the settlement could potentially be influenced by the objections of interested parties and the Respondents monitored the case during the Objection Period for such objections.

21.      However, when no objections were filed and this Court entered its *Order Approving the Settlement,* the Respondents considered the condition subsequent of bankruptcy court approval to be satisfied and the Respondents expected the Trustee's claims would be dismissed with prejudice provided the Respondents performed their end of the bargain, and this

litigation that dragged the Debtor's non-filing Wife and children into the fray would finally be resolved. Any order within a bankruptcy case which concludes a particular adversary proceeding should be deemed final. See <u>Martino Bros. Toolmakers, Inc. v. Industrial Dev. Bd. (In re Martino Bros. Toolmakers, Inc.)</u>, 796 F.2d 1435, 1437-38 (11th Cir. 1986).

22.    With this being said, the Respondents ask this Court to consider the timing and circumstances surrounding the Competing Bidder's "offer." In the Respondents' view, the circumstances do not suggest that was a miraculous late-springing offer to purchase the Trustee's avoidance claims made in good faith; rather, the circumstances suggest something else altogether, i.e., that the Savannah Capital stimulated the offer to: (1) create a way for it to potentially vacate this Court's *Order Approving the Settlement*; (2) serve as a basis for the Trustee to unilaterally rescind the Settlement and accept higher offer procured by Savannah Capital; and ultimately (3) for Savannah Capital to acquire the Trustee's avoidance rights and an attendant opportunity to further ***harass*** the Debtor, his Wife, and the LLC interest itself.

23.    Savannah Capital is perpetrating an inequity on the Respondents by inducing the Trustee to rescind the Settlement and join in its *Motion for Reconsideration* when it is aware that the Adversary Parties have a binding Settlement that has been approved by this Court. The time for Savannah Capital to interpose its objections was during the Objection Period, not after the entry of the *Order Approving the Settlement*. Further, Savannah Capital's ill-timed objection and *Motion for Reconsideration* have resulted in considerable expense to the Respondents, all of which could have been avoided by Savannah Capital exercising due diligence in lining up an interested bidder, if it so wished, or otherwise asserting its objections during the Objection Period.

24.    Comparatively, the Respondents entered into the Settlement in a good faith effort to mediate the Adversary Suit with the Trustee and in all other ways have intended to honor their

commitments under the Settlement. The Respondents have fully complied with this Court's *Order* and deadlines. As such, the Respondents request that this Court decline to grant Savannah Capital the extraordinary remedy of reconsidering its March 10, 2016 *Order* based on the equities in favor of the Respondent and further request that this Court grant Respondents such other relief as this Court deems just under the circumstances.

25.    The Respondents request that this Court find that Savannah Capital be barred from asserting an objection that it could have asserted during the Objection Period as Savannah Capital received notice of the settlement and did not object to the entry of the Order Approving Settlement.

**Reservation of Rights**

26.    The Respondents request that their rights to object to the other forms of relief Savannah Capital seeks be preserved, as the Respondents contest Savannah Capital's positions on these matters.

WHEREFORE, the Debtor and Mrs. Martino respectfully request that this Court deny Savannah Capital's Motion for Reconsideration and for such other and further relief as this Court deems just.

_____
D. LEE PITISCI, ESQUIRE
Florida Bar No.: 771650
Pitisci, Dowell & Markowitz
101 S. Moody Avenue
Tampa, Florida 33609
Phone: (813) 228-9233 x 4
Fax:   (813) 229-5979
Primary E-Mail: lpitisci@pdmmlaw.com
Secondary E-Mail: alutz@pdmmlaw.com
*Co-Counsel for Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 23, 2016, I electronically filed a true and correct copy of the *Motion to Enforce the Settlement Agreement Between Thomas Salvador Martino, Pamela Cordell Martino, and Douglas N. Menchise* with the Clerk of the United States Bankruptcy Court by using the CM/ECF system and the clerk for the Middle District of Florida using the CM/ECF system, will furnish a copy of the foregoing document(s) to the parties listed below in the manner of service indicated below.

D. LEE PITISCI, ESQUIRE
Florida Bar No.: 771650

**Via the CM/ECF system which will send a Notice of Electronic Filing to:**

A. Christopher Kasten, II, Esquire, Special Counsel for Trustee, Douglas N. Menchise
David W. Steen, Esquire, Co-Counsel for Debtor
Douglas N. Menchise, Chapter 7 Trustee
United States Trustee

10

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Thomas Salvador Martino,                    Case No. 8:14-bk-13452-KRM
                                             Chapter 7
        Debtor.
_____/

Douglas Menchise, Chapter 7
Trustee,

        Plaintiff,

vs.                                          Adv. Pro. No. 8:15-ap-554-KRM

Thomas Salvador Martino and
Pamela Cordell Martino,

        Defendants.
_____/

**MEDIATOR'S REPORT AND
NOTICE OF COMPLETION OF MEDIATION**

        Pursuant to Local Rule 9019-2, a mediation conference was held on January 22, 2016, and

the results of that conference are indicated below:

        (a)     The following individuals were present:

                1.  Parties (name and capacity) –

                    a.  Douglas Menchise, Chapter 7 Trustee/Plaintiff
                    b.  Thomas Salvador Martino, Debtor/Defendant
                    c.  Pamela Cordell Martino, Defendant

                2.  Counsel of record (name and party representing) --

                    a.  A. Christopher Kasten, II, Esq. – Counsel for the Trustee
                    b.  D. Lee Pitisci, Esq. – Counsel for Debtor/Defendants


EXHIBIT
A

(b)     The following parties failed to appear and/or participate as volunteered:  None.

(c)     The outcome of the mediation conference was:

The dispute has been completely resolved and participating counsel have been instructed to file a motion for approval of the compromise on the terms stated on the record in open court.

Dated:   <u>January 25, 2016</u>

_____
Caryl E. Delano
United States Bankruptcy Judge
Mediator

The Clerk's office is directed to serve a copy of this report on the parties via CM/ECF.

2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                              Case No.:  8:14-bk-13452

THOMAS SALVADOR MARTINO,                            Chapter 7

      Debtor.

_____/

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

**Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602-3899 and serve a copy on the movant's attorney, A. Christopher Kasten, II, Esq., Bush Ross, P.A., 1801 N. Highland Avenue, Tampa, Florida 33602, and any other appropriate persons within the time allowed.**

**If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**



2130515.1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                              Case No.: 8:14-bk-13452

THOMAS SALVADOR MARTINO,                            Chapter 7

        Debtor.
_____/

## MOTION TO COMPROMISE CONTROVERSY WITH THOMAS SALVADOR MARTINO AND PAMELA CORDELL MARTINO

      COMES NOW Douglas N. Menchise, the Chapter 7 Trustee (the "**Trustee**"), for the bankruptcy estate of Thomas Salvador ("**Debtor**"), by and through the undersigned counsel and pursuant to Bankruptcy Rules 9019 and 2002(a)(3) and files this his Motion to Compromise Controversy with Thomas Salvador Martino and Pamela Cordell Martino (the "**Motion**") and requests the entry of an order approving this Motion and the Settlement Agreement (as defined herein) between the Trustee, the Debtor and Pamela Cordell Martino. As grounds for the Motion the Trustee states as follows:

### BACKGROUND

      1.     On June 15, 2015, the Trustee filed a three-count Complaint against Thomas Salvador Martino Pamela Cordell Martino, Marcus Angelo Martino, and Lara Martino, arising out of transfers of Thomas Salvador Martino's ownership interest in Gold Standard Properties, LLC.

      2.     Count I was an avoidance of a fraudulent transfer pursuant to § 726.105(1)(a) against Thomas Salvador Martino, Marcus Martino and Lara Martino. Count I has previously been dismissed.

2129834.2

3.       Count II was an action by the Trustee against Thomas Martino and Pamela Martino to avoid a fraudulent transfer pursuant to § 726.105(1)(a). This claim remains pending.

4.       In Count III the Trustee sought the avoidance of a fraudulent transfer against Thomas Salvador Martino and Pamela Martino pursuant to § 726.106(1). This claim remains pending.

5.       On January 22, 2016, pursuant to this Court's previous Order, the parties hereto mediated this adversary proceeding before the Honorable Caryl Delano.

6.       An agreement was reached during the mediation to settle the matter as set forth herein.

**THE PROPOSED SETTLEMENT AGREEMENT**

7.       Thomas Salvador Martino and Pamela Cordell Martino have agreed to pay the Trustee the sum of $25,000.00 in cash or certified funds on the fifteenth day after an Order is entered by this Bankruptcy Court approving this proposed agreement which order is final and has not been appealed. Upon receipt of the funds, the Trustee has agreed to dismiss this Adversary Proceeding with prejudice ("**Settlement Agreement**").

**MEMORANDUM OF LAW**

8.       By this Motion, the Trustee respectfully requests that the Court enter an order approving the Settlement Agreement in its entirety, and retain sole and exclusive jurisdiction over same. Federal Rule of Bankruptcy Procedure 9019 provides in relevant part that "[o]n motion . . . and after a hearing on notice to creditors; the debtor . . . and to such other entities as the Court may designate, the Court may approve a compromise or settlement."

9.       The Eleventh Circuit has announced that:

> [w]hen a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider: (a) the

2

> probability of success in the litigation; (b) the difficulties, if any, to
> be encountered in the matter of collection; (c) the complexity of
> the litigation involved, and the expense, inconvenience and delay
> necessarily attending it; (d) the paramount interest of the creditors
> and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990).

10.     The standards for approval are well-settled and require the Court to inquire into the reasonableness of the proposed settlement. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

11.     The decision to approve a compromise or settlement is within the sound discretion of the bankruptcy judge. *In re Woodson*, 839 F.2d 610 (9th Cir. 1988); *In re American Reserve Corp.*, 841 F.2d 159 (7th Cir. 1987). Because the bankruptcy judge is uniquely situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be disturbed on appeal absent a clear abuse of discretion. *Matter of Walsh Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982); *In re Batavia Metal Products, Inc.*, 166 F.2d 7 (7th Cir. 1948); *In the Matter of Energy Cooperative, Inc.*, 886 F.2d 921, 926 (7th Cir. 1989); *In re Bell & Beckwith*, 93 B.R. 569, 574 (Bankr. N.D. Ohio 1988).

12.     Generally, because the bankruptcy court has broad discretion to approve settlements reached under Rule 9019, it need only satisfy itself that the settlement is "within the range of reasonableness." *In re Best Product Co., Inc.*, 68 F.3d 26, 33 (2d Cir. 1995). Therefore, the bankruptcy court's decision will be respected unless the settlement falls below the "lowest point in the range of reasonableness" (*In re Teletronics Services, Inc.*, 762 F.2d 185, 189 (2d Cir. 1985) (citation omitted)), and the court should give substantial deference to the business judgment of a bankruptcy trustee when deciding whether to approve a settlement. *In re Indian*

3

*Motorcycle, Inc.*, 289 B.R. 269, 283 (1st Cir. BAP 2003) ("Compromises are generally approved if they meet the business judgment of the trustee.").

13.     Here, the relevant factors weigh in favor of approving the Settlement Agreement. The Trustee considered the *Justice Oaks* factors, and has determined, in his business judgment, that the Settlement Agreement is in the best interests of the estate and falls well above the lowest point of the range of reasonableness.

14.     Indeed, a Chapter 7 trustee is required to reach an informed judgment, after diligent investigation, as to whether it would be prudent to eliminate the inherent risks, delays, and expense of prolonged litigation in an uncertain case. *See In re Vazquez,* 325 B.R. 30, 36 (Bankr. S.D. Fla. 2005). In *Vazquez*, the court stated:

> A chapter 7 trustee is entrusted to marshal an estate's assets and liabilities, and proceed in settling its accounts on whatever grounds he, in his informed discretion, believes will net the maximum return for the creditors (on whose behalf he toils). When augmentation of an asset involves protracted investigation or potentially costly litigation, with no guarantee as to the outcome, the trustee must tread cautiously—and an inquiring court must accord him wide latitude should he conclude that the game is not worth the candle.

*Id.*

15.     Public policy also supports approval of compromises or settlements of controversies in bankruptcy cases. Pretrial settlements are favored in all types of litigation, but bankruptcy trustees are particularly encouraged to find alternative solutions to drawn-out litigation given the financial instability of a debtor. See, e.g., *In re Soderstorm,* 477 B.R. at 254: *In re Bicoastal Corp.*, 164 B.R. 1009 (Bank. M.D. Fla 1993) (stating that public policy strongly favors pretrial settlement in all types of litigation): *Matter of Munford, Inc.*, 97 F. 3d 449, 449(11th Cir. 1996) (explaining that litigation costs are particularly burdensome on a bankruptcy estate given the financial instability of the estate).

4

16.     Based on the foregoing legal principles, the Trustee asserts that the Settlement Agreement falls well above the lowest range of reasonableness, and satisfies all of *Justice Oaks II* standards.

17.     The Trustee submits that the compromise is in the best interest of the creditors and the estate because it avoids the time, expense, and uncertainty inherent in litigation of this type that would be required and in the collection of any judgment entered. Moreover, the compromise serves the best interest of the estate's creditors because there is a finite amount of funds available in the estate, and the cost of litigating the disputes between the parties would be substantial.  As such, it is in the best exercise of the Trustee's business judgment to compromise this matter, as set forth above, and therefore this Settlement Agreement satisfies the factors set forth by the Eleventh Circuit in its Justice Oaks II, decision.

WHEREFORE, Douglas Menchise, Chapter 7 Trustee of the Estate of Thomas Salvador Martino, respectfully requests that this Court enter an order (i) approving the compromise; (ii) authorizing the Trustee to take such action as required to consummate the compromise; and (iii) granting such other additional relief as is necessary and appropriate under the circumstances.

Dated: Tampa, Florida
      February 11, 2016

                                          BUSH ROSS, P.A.
                                          P.O. Box 3913
                                          Tampa, FL 33601-3913
                                          (813) 224-9255
                                         (813) 223-9620 fax
                                        *Special Counsel for Trustee,*
                                          *Douglas N. Menchise.*

                                   By: */s/ A. Christopher Kasten. II*
                                        A. Christopher Kasten, II, Esquire
                                        Florida Bar No. 771236
                                        ckasten@bushross.com

2129834.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 11, 2016, I electronically filed a true and correct copy of the Motion to Compromise Controversy with Thomas Salvador Martino and Pamela Cordell Martino with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system and I furnished a copy of the foregoing document to the parties listed on the attached matrix by U.S. Mail.

/s/ A. Christopher Kasten, II
Attorney

6

2129834.2

Label Matrix for local noticing
113A-8
Case 8:14-bk-13452-KRM
Middle District of Florida
Tampa
Thu Feb 11 10:55:17 EST 2016

Cavalry Portfolio Services
500 Summit Lake Dr, Ste 400
Valhalla, NY 10595-2322

Thomas Salvador Martino
114 East Davis Blvd. #3
Tampa, FL 33606-3507

SA Acquistion, LLC
c/o Bush Ross, P.A.
Attn: A. Christopher Kasten, II, Esq.
P.O. Box 3913
Tampa, FL 33601-3913

Savannah Capital, LLC
Allison C. Doucette, Esq.
Anthony & Partners, LLC
201 N. Franklin Street
Suite 2800
Tampa, FL 33602-5816

Bank of America
PO Box 22021
Greensboro, NC 27420-2021

(p)BB AND T
PO BOX 1847
WILSON NC 27894-1847

Bright House Networks
One Galleria Tower
13355 Noel Rd S.
Dallas, TX 75240-6602

Callen Trust
PO Box 8747
Savannah, GA 31412-8747

Cavalry SPV I, LLC
500 Summit Lake Drive, Ste 400
Valhalla, NY 10595-1340

Deville Corp
2018 East 7th Ave
Tampa, FL 33605-3902

Gold Standard Properties LLC
2018 East 7th Ave
Tampa, FL 33605-3902

Heritage Bank of Florida
fdic
550 17th Street NW
Washington, DC 20429-0001

JH Portfolio Debt Equities
c/o Credit Control, LLC
5757 Phantom Dr.
Suite 330
Hazelwood, MO 63042-2429

JH Portfolio Debt Equities LLC
JD Receivables LLC
P. O. Box 382656
Germantown, TN 38183-2656

Leslie Fineman
Pensco Trust Company
fbo Leslie Fineman IRA
23420 Mirabella Circle S
Boca Raton, FL 33433-6128

Medmarc Casualty Ins Co.
14280 Park Meadow Drive, Suite 300
Chantilly, VA 20151-2291

Mercantile Bank
P.O. Box 100201
Columbia, SC 29202-3201

Old Dominion Ins. Co.
4601 Touchstone Rd
Suite 3300
Jacksonville, FL 32246-4485

Platinum Bank
802 W. Lumsden Rd.
Brandon, FL 33511-6279

Portfolio Asset Group
c/o
Mercantile Adjustment Bureau
35A Rust Lane
Boerne, TX 78006-8202

Pushpin Holdings, LLC
1 Penn Plaza
Box 6255
New York, NY 10119-0002

S.A. Aquisitions
c/o A. Christopher Kasten II
Bush Ross, PA
PO Box 3913
Tampa, FL 33601-3913

SA ACQUISITION LLC
c/o A. Christopher Kasten, II, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913

SAVANNAH CAPITAL, LLC
ALLISON C. DOUCETTE, ESQUIRE
ANTHONY & PARTNERS, LLC
201 North Franklin Street, Suite 2800
Tampa, Florida 33602-5816

SAVANNAH CAPITAL, LLC
JOHN A. ANTHONY, ESQ
ANTHONY & PARTNERS, LLC
201 North Franklin Street, Suite 2800
Tampa, Florida 33602-5816

San Francisco Dist. Center
PO Box 8747
Savannah, GA 31412-8747

Savannah Capital
618 Broughton Street
Savannah, GA 31401-2905

Savannah Capital LLC
PO Box 8747
Savannah, GA 31412-8747

Savannah Trust
Edgar L.T. Gay, Trustee
136 Habersham Street
Savannah, GA 31401-3823

Savannah Trust
L.T. Gay, Trustee
136 Habersham Street
Savannah, GA 31401-3823

TD Bank N.A.
Attn: Bankruptcy Dept.
ME2-002-035
P.O. Box 9547
Portland, ME 04112-9547

Wells Fargo Financial Cards
PO Box 14517
Des Moines, IA 50306-3517


Wright Family Trust
2018 E. 7th Ave
Tampa, FL 33605-3902

Wright Martino Partnership
118 Martinique St.
Tampa, FL 33606-4049

Douglas N Menchise +
2963 Gulf to Bay Boulevard
Suite 300
Clearwater, FL 33759-4255


Stephenie Biernacki Anthony +
Anthony & Partners LLC
201 N Franklin Street, Suite 2800
Tampa, FL 33602-5816

A. Christopher Kasten II+
Bush Ross, P.A.
Post Office Box 3913
Tampa, FL 33601-3913

David W Steen +
David W Steen, P.A.
2901 W. Busch Boulevard, Suite 311
Tampa, FL 33618-4565


Scott A. Stichter +
Stichter, Riedel, Blain & Postler, P.A.
110 E. Madison Street, Suite 200
Tampa, FL 33602-4718

Douglas N Menchise, Attorney for Trustee +
2963 Gulf to Bay Boulevard
Suite 300
Clearwater, FL 33759-4255

United States Trustee - TPA7/13 +
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949


John A Anthony +
Anthony & Partners, LLC
201 North Franklin Street, Suite 2800
Tampa, FL 33602-5816

Allison Doucette +
Anthony & Partners LLC
201 North Franklin Street
Suite 2800
Tampa, FL 33602-5816

A. Christopher Kasten, Attorney for Trustee
Bush Ross, P.A.
Post Office Box 3913
Tampa, FL 33601-3913


D Lee Pitisci +
Pitisci Dowell Markowitz
101 S. Moody Avenue
Tampa, FL 33609-3333


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Branch Banking and Trust
200 West Second St
Winston Salem, NC 27101

(d)Branch Banking and Trust
200 West Second St.
Winston Salem, NC 27101


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Deville Corp.

(u)Frank B. Wright, Wright Martino Partnershi

(d)Deville Corp
2018 East 7th Ave
Tampa, FL 33605-3902

(d)Mercantile Bank
PO Box 100201
Columbia, SC 29202-3201

End of Label Matrix
Mailable recipients    45
Bypassed recipients     4
Total                  49